Filed 8/9/22  P. v. Salas CA4/2

*See dissenting opinion.*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078333 |
| v. | (Super.Ct.No. FVA1100791) |
| MISAEL MADRIGAL SALAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Misael Madrigal Salas appeals from the trial court's denial of his motion to vacate the judgment and set aside his plea. For the reasons forth *post*, we affirm the trial court's order denying defendant's motion.

**STATEMENT OF THE CASE**

On December 7, 2011, an information charged defendant with using a false document under Penal Code[1] section 114 (count 1), and indecently exposing himself under section 314, subdivision (1) (counts 2 & A3).

On March 9, 2012, pursuant to the terms of a plea agreement, the People added count 4—that defendant falsely impersonated another under section 529. Thereafter, defendant pled no contest to counts 2, 3, and 4, and the court dismissed count 1. The court then imposed a low term of 16 months, with 288 days of custody credits plus 288 days of conduct credits. The sentence was "deemed served in full" and defendant was released from custody.

In the plea agreement, defendant initialed term number 14, which stated: "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States, or denial of naturalization will result from a conviction of the offense(s) to which I plead guilty/no contest."

---

[1] All statutory references are to the Penal Code unless otherwise specified

More than seven years later, on August 29, 2019, defendant filed a motion to vacate his convictions under sections 1016.5 and 1473.7. The People filed an opposition to the motion. The trial court refused to consider defendant's written declarations and denied the motion.

After defendant appealed, this court remanded the matter for a hearing on the merits so the court could consider the declarations. (*People v. Salas* (June 15, 2021, E075277) [nonpub. opn.].)

On November 1, 2021, the trial court held a hearing to reconsider defendant's motion to vacate his convictions. In his declaration, defendant stated that he entered the United States in 2004. In 2011, a police officer arrested him for possessing false documents and indecent exposure. Defendant was falsely accused of the indecent exposure charges. While his case was pending, he was abused in jail. He had a girlfriend at the time, who later became his wife; she is a citizen of the United States. When defendant accepted the plea agreement, the interpreter told him that there *could* be immigration consequences. If defendant had known the consequences of his plea agreement, he would have accepted more jail time to avoid deportation. He currently resides in Tijuana, Mexico; his wife and daughter cross the border to visit him.

The People called two witnesses to testify at the hearing on defendant's motion to vacate. Claudia Pierce testified that she is a court-certified Spanish language translator with 17 years of experience. She did not recall defendant's case. She, however, recognized that her signature was on the plea agreement as the assigned interpreter. It was her custom to read verbatim the immigration consequences term in the plea

3

agreements, such as the term in defendant's case, which stated that immigration consequences "will" occur.

Maria Lee testified that she had been a member of the California Bar since 2004; she represented defendant in the underlying case. Although she did not specifically recall this case, it was her custom to explain to her clients the immigration consequences of their plea agreements. It was also her custom to use an interpreter to communicate with Spanish speaking clients. Moreover, it was her custom to read the immigration consequences term of the plea agreement verbatim to the client. She wrote in the case file: "Client wants to plead guilty to less time. Understands he will be deported. Not a U.S. citizen." Furthermore, she noticed that she wrote "less" more than once in the file, to emphasize his priority for less custody time. She believed that there were negotiations related to defendant's desire for less custody time.

On November 17, 2021, the trial court issued a written ruling. The court denied defendant's motion to vacate his convictions. The court stated that the interpreter and defense attorney customarily explained the immigration consequences to defendants. Here, defendant initialed the box for the immigration consequences term, and the case file indicated that defendant knew the immigration consequences of the plea agreement.

On January 6, 2022, defendant filed a timely notice of appeal.

**STATEMENT OF FACTS**

"Defendant pled guilty and no appeal was taken from the entry of his plea. As such, the only facts are those from the police report. On May 26, 2011, in Fontana, defendant exposed his genitals and masturbated in front of two females he did not know,

4

at two separate locations. Defendant was arrested and found in possession of a false social security card and a false permanent resident card." (*People v. Salas*, *supra*, E075277 at pp. *2-*3.)

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

(1) "Did the court properly deny appellant's motion to vacate his convictions because he understood the immigration consequences of his plea agreement?"

We offered defendant an opportunity to file a personal supplemental brief but he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

5

## DISPOSITION

The trial court's denial of defendant's motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER _____
                                                    J.


I concur:


RAMIREZ _____
                            P. J.

[*People v. Salas*, E078333]

RAPHAEL, J., Dissenting.

This criminal case became final in 2012. In this appeal from a postconviction order, counsel raises no issue, and defendant and appellant Misael Madrigal Salas also raised no issue even after being given a personal opportunity to do so. Consequently, today's opinion affirms the postconviction order without offering any analysis.

I would dismiss the appeal as abandoned in an unpublished order. (See *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040; *People v. Serrano* (2012) 211 Cal.App.4th 496, 504; see also *People v. Delgadillo*, review granted Feb. 17, 2021, S266305) "Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544.)

Our record contains hundreds of pages from the decade-old prosecution, but the requirement that we search the entire record for issues is "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right." (*In re Sade C.* (1996) 13 Cal.4th 952, 986.) Appeals from a postconviction motion, like this one, typically involve a discrete issue. We typically can determine whether to exercise discretion to hear such uncontested appeals without electing to scrutinize the entire record. Opinion-drafting resources also are better directed to contested cases.

I therefore respectfully dissent.

RAPHAEL
J.

1